IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) ) |
| v. | ) ) No. 3:07-cv-00303 ) |
| CINCINNATI INSURANCE COMPANY and HOUSTON CASUALTY COMPANY, | ) Judge John T. Nixon ) Magistrate Judge E. Clifton Knowles ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
THE CINCINNATI INSURANCE COMPANY'S
MOTION TO DISMISS THE THIRD CLAIM FOR RELIEF
AND FOURTH CLAIM FOR RELIEF
OF THE FIRST AMENDED COMPLAINT**

The Defendant, The Cincinnati Insurance Company, in support of its Motion to Dismiss the Third and Fourth Claims for Relief of the First Amended Complaint states:

**INTRODUCTION**

This action arises out of an alleged breach of contract by Cracker Barrel's insurance carriers, The Cincinnati Insurance Company and Houston Casualty Company, with respect to Cracker's Barrel's claim for coverage of a lawsuit that was filed by the Equal Employment Opportunity Commission against Cracker Barrel in the United States District Court for the Northern District of Illinois (the "EEOC Lawsuit"). Both Cincinnati and Houston Casualty denied coverage for the EEOC Lawsuit.

In its Third Claim for Relief of the Amended Complaint, Cracker Barrel purports to state a claim for common law bad faith against Cincinnati. The Third Claim for Relief should be

dismissed with prejudice because there is no tort of bad faith under Tennessee law, and so no legally cognizable cause of action exists upon which relief can be granted.

Cracker Barrel's Fourth Claim for Relief fails to state a claim under T.C.A. § 56-7-105 because it fails to plead the necessary elements of that claim, in particular, the formal demand required by T.C.A. § 56-7-105.

## FACTS

Cracker Barrel's Amended Complaint describes its Third Claim for Relief as a claim "For Bad Faith Action Under the Common Law of Tennessee Against Cincinnati." (Am. Complaint, p. 10). The claim made by Cracker Barrel against Cincinnati in the Third Claim for Relief is premised upon alleged breaches of the duty of good faith and duty to deal fairly with its policyholder (¶55). Cracker Barrel alleges that it has been damaged by Cincinnati's purported bad faith actions (¶56) and seeks the recovery of compensatory and consequential damages, including attorney's fees (¶57).

Cracker Barrel alleges in its Fourth Claim for Relief for violation of the T.C.A. § 56-7-105 that Cracker Barrel demanded that Cracker Barrel defend the EEOC Lawsuit and indemnify Cracker Barrel for any loss. (¶59). There is no allegation that a formal demand for payment was made on Cincinnati when the policy of insurance was, by its terms, due and payable, and that Cracker Barrel waited 60 days after making demand upon Cincinnati before filing suit.

## ARGUMENT

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears beyond a doubt that Plaintiff can prove no set of facts in support of its claim that would entitle Plaintiff to relief. *Henderlight v. Lay*, 2006 WL 1663695,

*3 (E.D.Tenn. 2006). A complaint should be dismissed pursuant to Rule 12(b)(6) when there is no law to support the claims made. *Id*.

## I. The Third Claim for Relief should be dismissed.

The Third Claim for Relief purports to state a cause of action for bad faith under Tennessee common law. The tort of bad faith is not cognizable in Tennessee between an insurer and insured. Rather, Tenn. Code Ann. § 56-7-105 provides the exclusive redress for bad faith claims by insureds against insurers. *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 259 (6th Cir. 1994) (citing *Chandler v. Prudential Ins. Co.*, 715 S.W. 2d 615 (Tenn. Ct. App. 1986)); *Rice v. Van Wagoner Companies*, 738 F.Supp. 252, 253 (M.D. Tenn. 1990) ("no tort of bad faith is available to the plaintiff"); *Fred Simmons Trucking, Inc. v. United States Fidelity and Guaranty Company*, 2004 WL 2709262, *5 (Tenn. Ct. App.) ("in Tennessee there is no tort action for bad faith …").

Because a common law claim for bad faith does not exist in Tennessee, the Third Claim for Relief fails to state a cause of action upon which relief can be granted, and must be dismissed with prejudice.

## II. The Fourth Claim for Relief should be dismissed.

The Fourth Claim for Relief purports to state a claim under T.C.A. § 56-7-105. The following elements are necessary for a claim under §56-7-105:

> (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) that the refusal to pay must not have been in good faith.

*Hampton v. Allstate Ins. Co.*, 48 F. Supp. 2d 739, 746 (M.D. Tenn. 1999).

Section 56-7-105 is penal in nature and must be strictly construed. Thus, it is incumbent

upon the Plaintiff to show compliance therewith. *Walker v. Tennessee Farmers Mut. Ins. Co.*, 568 S.W.2d 103, 106 (Tenn.App., 1977).

The Amended Complaint contains no allegation that Plaintiff made a formal demand upon Cincinnati when the insurance policy became due and payable and 60 days before filing suit against Cincinnati. Paragraph 59 states instead that Cracker Barrel made a demand that <u>Cracker Barrel</u> defend the EEOC Lawsuit and indemnify Cracker Barrel.

In addition, under Tennessee law, the formal demand requirement of § 56-7-105 is not satisfied unless the insurance company is aware or has notice from the insured of the insured's intent to assert a bad faith claim if the disputed claim is not paid, and 60 days has expired after the insured gives such notice of its intent to assert a bad faith claim before filing suit. *Hampton*, 48 F. Supp. 2d at 747. As the Tennessee Appellate Court stated in *Walker*, 568 S.W.2d at 106, "defendant was entitled to notice of the claim for bad faith and a period in which to reflect upon the consequences of its failure to pay," *citing, St. Paul v. Kirkpatrick*, 129 Tenn. 55, 164 S.W. 1186, 1190 (1913). Cracker Barrel does not allege in the Amended Complaint that Cincinnati was given notice that Cracker Barrel intended to assert a bad faith claim.

The Fourth Claim for Relief must be dismissed with prejudice because the Amended Complaint contains no allegation that the Plaintiff met the formal demand requirement of § 56-7-105. There is no allegation that Cincinnati was given notice, 60 days before Plaintiff filed suit against Cincinnati, that Cracker Barrel intended to assert a bad faith claim against Cincinnati if the disputed claim is not paid.

Because the prerequisites to asserting a claim under § 56-7-105 have not been met, the Fourth Claim for Relief must be dismissed with prejudice.

## CONCLUSIONS

For the foregoing reasons, Cincinnati respectfully requests that this Court dismiss with prejudice the Third and Fourth Claims for Relief.

Respectfully submitted,

 /s/ E. Todd Presnell
H. Rowan Leathers III (TN BPR. No. 10023)
E. Todd Presnell (TN BPR No. 17521)
MILLER & MARTIN PLLC
Suite 1200, One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 744-8567
(615) 744-8667 (fax)
rleathers@millermartin.com
tpresnell@millermartin.com

Victor C. Peters
Nancy K. Tordai
HANSON PETERS NYE
1000 Hart Road, Suite 300
Barrington, IL  60010
(847) 277-9988
(847) 277-7339 (fax)
victorpeters@hpnlaw.com
nancytordai@hpnlaw.com

*Counsel for The Cincinnati Insurance Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document was served upon the following Filing Users through the Electronic Filing System:

| | |
|---|---|
| David A. Kochman, Esq.<br>Anderson, Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020-1182 | John A. Day, Esq.<br>Day & Blair, P.C.<br>5300 Maryland Way, Suite 300<br>Brentwood, TN 37027 |
| Kendra E. Samson, Esq.<br>Neal & Harwell<br>1000 First Union Tower<br>150 Fourth Avenue, North<br>Nashville, TN 37219-2498 | William Gorman Passannante, Esq.<br>Anderson, Kill Olick & Oshinsky, P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020-1182 |
| Douglas Mangel, Esq.<br>Drinker Biddle & Reath, LLP<br>1500 K Street, NW, Suite 1100<br>Washington, DC 20005 | |

  on this the 2nd day of July, 2007.

                /s/ E. Todd Presnell