IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CRACKER BARREL OLD COUNTRY STORE, INC.<br><br>                  Plaintiff,<br>      vs.<br><br>CINCINNATI INSURANCE COMPANY,<br>and<br>HOUSTON CASUALTY COMPANY<br><br>                  Defendants. | Civil Action No: 3:07-0303<br><br>Judge John T. Nixon<br>Magistrate Judge E. Clifton Knowles |

## OPPOSITION TO DEFENDANT CINCINNATI INSURANCE COMPANY'S MOTION TO DISMISS COUNTS III AND IV OF THE FIRST AMENDED COMPLAINT

Plaintiff Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), by and through its undersigned counsel, respectfully submits this Opposition to defendant Cincinnati Insurance Company's ("Cincinnati") Motion to Dismiss Counts III and IV of the First Amended Complaint ("Amended Complaint"), dated July 2, 2007.

## STATEMENT OF FACTS

Cracker Barrel purchased Employment Practices Liability ("EPL") insurance coverage from Cincinnati with policy periods of June 1, 2000 through October 1, 2004, inclusive of a retroactive date and extended reporting period (the "Cincinnati Policies"). Amended Complaint ¶ 12.

Cracker Barrel initiated this insurance coverage action to recover costs associated with the defense and settlement of a lawsuit brought by the Equal Employment Opportunity Commission, styled EEOC v. Cracker Barrel Old Country

Store, Inc., Case No. 1:04-CV-05273, U.S. Dist. Ct., N.D. Ill. (filed August 11, 2004) (the "EEOC Lawsuit").  The EEOC Lawsuit stems from various individual allegations of unlawful employment practices, including sexual harassment and discrimination. Amended Complaint ¶ 18.  Only a small percentage of the individual claimants encompassed by the EEOC Lawsuit actually filed a formal "Notice of Charge" with the EEOC and Cracker Barrel was not notified of every "Notice of Charge" that was filed. Amended Complaint ¶¶ 21-24.

Prior to the termination date of the Cincinnati Policies, Cracker Barrel provided notice to Cincinnati of certain claims; specifically, certain then-known "Notices of Charge" filed with the EEOC alleging unlawful conduct during the coverage afforded under the Cincinnati Policies.  Amended Complaint ¶¶ 23-26; Answer of Cincinnati Insurance Company to the First Amended Complaint ("Answer") ¶ 26.

On August 14, 2004, the EEOC filed the EEOC lawsuit resulting from allegations of unlawful conduct.  Certain then-known "Notices of Charge" were noticed to Cincinnati prior to the end of the Cincinnati Policies.  On July 22, 2005, Cracker Barrel provided notice to Cincinnati of the EEOC Lawsuit and requested that Cincinnati promptly declare whether it would agree to defend and indemnify Cracker Barrel in connection with this lawsuit.  Amended Complaint ¶ 29; Answer ¶ 29.

On August 25, 2005, Cincinnati responded to Cracker Barrel's notice of claim by denying any responsibility to defend and/or indemnify Cracker Barrel, while admitting that coverage may exist for a portion of the EEOC Lawsuit.  Further, while

Cincinnati then agreed to handle the EEOC Lawsuit under a full reservation of rights, they failed to do so. Amended Complaint ¶ 39.

In response to Cincinnati's letter dated August 25, 2005 and various requests for information made therein, Cracker Barrel provided Cincinnati with additional information and repeated its requests that Cincinnati defend and indemnify Cracker Barrel for the EEOC Lawsuit. Amended Complaint ¶¶ 32-33, 35; Answer ¶¶ 32-33, 35.

Discovery will reveal that Cincinnati acknowledged, at a minimum, a duty to defend a portion of the EEOC Lawsuit. Despite Cincinnati's acknowledgement, Cincinnati never provided a defense to Cracker Barrel. Instead, Cincinnati repeatedly refused to honor its insurance coverage obligations. This refusal forced Cracker Barrel to personally incur approximately $600,000 in legal expenses and a $2,000,000 settlement payment.

Having been unable to resolve this dispute without litigation, Cracker Barrel filed this action on March 16, 2007, almost 20 months after Cracker Barrel first requested that Cincinnati recognize its obligation to defend and indemnify Cracker Barrel for the EEOC Lawsuit.

## **ARGUMENT**

In adjudicating this motion, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in

support of his claim that would entitle him to relief." Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001).

Accordingly, for purposes of adjudicating this Motion, the following allegations must be accepted as true: (1) Cracker Barrel presented a valid claim for EPL insurance coverage to Cincinnati in connection with the EEOC Lawsuit; (2) Cincinnati had, at a minimum, a duty to defend Cracker Barrel in connection with the EEOC Lawsuit; and (3) without proper justification, Cincinnati failed to provide Cracker Barrel a defense for the EEOC Lawsuit on numerous occasions thereby forcing its policyholder to incur the costs of its own defense.

An insurance policy must be construed in a reasonable and logical manner to determine the intent of the parties. Setters v. Permanent General Assur. Corp., 937 S.W.2d 950, 953 (Tenn.App.1996). The language of the policy must be given its plain and ordinary meaning as a layman would understand it. Paul v. Insurance Co. of North America, 675 S.W.2d 481, 483-484 (Tenn.App.1984). Where an ambiguity exists in an insurance policy, the ambiguity is to be construed strongly against the insurer in favor of the insured, Travelers Ins. Co. v. Aetna Cas. & Sur. Co., 491 S.W.2d 363, 366 (Tenn.1973); Ryan v. MFA Mut. Ins. Co., 610 S.W.2d 428, 437 (Tenn.App.1980), and the Supreme Court has said that ambiguities in "exceptions, exclusions, and limitations in policies of insurance are to be most strongly construed against the insurer." Travelers Ins. Co., 491 S.W.2d at 367.

### A. Requirements for a Claim Pursuant to T.C.A. § 56-7-105

For a plaintiff to recover a penalty pursuant to § 56-7-105, the following elements must be satisfied, (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith. Palmer v. Nationwide Mut. Fire Ins. Co., 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986).

The formal demand requirement of § 56-7-105 is met when a policyholder repeatedly notifies an insurance company of its duty to pay on a claim and the insurance company repeatedly denies its obligation to do so. See Solomon v. Hager, 2001 WL 1657214, *12 (Tenn. Ct. App. 2001). Any doubt as to whether the claimant has stated a cause of action within the coverage of the policy is resolved in favor of the insured. See Travelers Indem. Co. of America v. Moore & Assocs., Inc., 216 S.W.3d 302, 305 (Tenn. 2007); see also Dempster Bros., Inc. v. U.S. Fid. & Guar. Co., 388 S.W.2d 153, 156 (Tenn. Ct. App. 1964).

Moreover, under the liberal notice pleading rules of Fed. R. Civ. P. 8(a), it is well-settled that to properly state a claim upon which relief can be granted, a complaint need only allege sufficient facts to put a party on notice of the claim(s) being asserted against it. See Fed. R. Civ. P. 8(a); Trollinger v. Tyson Foods, Inc., 370 F.3d 602, 615 (6th Cir. 2004) ("Under the familiar rules of notice pleading in federal courts, a

complaint should include merely 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a)(2), and a district court may dismiss a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (internal quotation marks and citation omitted). Insistence on highly specific factual allegations disregards the concept of notice pleading and the standards for adjudicating a motion to dismiss for failure to state a claim.

As such, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. .

B. Cracker Barrel Properly Pled a Cause of Action for Bad Faith Conduct Pursuant to T.C.A. § 56-7-105

In the Amended Complaint, Cracker Barrel clearly alleges facts sufficient to satisfy each of the requirements set forth in T.C.A. § 56-7-105. The Amended Complaint alleges that the EEOC Lawsuit triggered EPL coverage under Cincinnati Policies. Amended Complaint ¶¶ 10-25. The Amended Complaint also sets forth Cracker Barrel's cooperation with Cincinnati's requests for information. Moreover, the Amended Complaint describes Cracker Barrel's contemporaneous requests that Cincinnati defend and/or indemnify Cracker Barrel for the EEOC Lawsuit pursuant to the Cincinnati Policies. Amended Complaint ¶¶ 29, 32, 39. The Amended Complaint alleges that Cracker Barrel's first request for coverage pursuant to the Cincinnati Policies was made in July 2005, over a year and a half before Cracker Barrel filed this suit. Amended Complaint ¶ 29. Finally, the Amended Complaint alleges that Cincinnati's denial of coverage was not in good faith. Amended Complaint ¶ 40.

In Solomon v. Hager, infra, a factually analogous case, the Tennessee Court of Appeals held that the act of contacting an insurance company "on numerous occasions to inquire about coverage and to request that . . . coverage be processed and paid . . . [and being] advised that [the insurance company] would not pay" gave the insurance company adequate notice and time to contemplate the possibility of bad faith lawsuit. Solomon, 2001 WL 1657214 at *12. The Court further explained that the purpose of T.C.A. § 56-7-105's demand requirement is to provide the insurance company "a period in which to reflect upon the consequences of its failure to pay." Solomon, 2001 WL 1657214 at *12 (quoting Walker v. Tennessee Farmers Mut. Ins. Co., 568 S.W.2d 103, 106 (Tenn. Ct. App. 1977).

Here, it is undeniable that Cincinnati had notice that its continued failure to provide coverage for the EEOC Lawsuit would result in this action. The facts alleged in the First Amended Complaint adequately set forth that Cracker Barrel demanded EPL insurance coverage and that Cincinnati, despite ample time and notice to reflect upon the consequences of its failure to pay, declined to do so. As a result, the First Amended Complaint sufficiently pled each and every requirement of T.C.A. § 56-7-105.

Additionally, discovery will reveal that Cincinnati acknowledged the possibility that coverage may exist for certain of the allegations encompassed by the EEOC Lawsuit. Despite this acknowledgement, the Amended Complaint alleges that Cincinnati continually, and without justification, refused to honor its obligation to, at a minimum, provide Cracker Barrel with a defense. See Amended Complaint ¶¶ 30, 34, 38, 39.

The duty to defend is broader than the duty to indemnify. The law is clear that an insurance company's duty to defend arises whenever there is a possibility of coverage. Travelers Indem. Co. of America, 216 S.W.3d at 305 (quoting St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994) ("The duty to defend is broader than the duty to indemnify because the duty to defend is based on the facts alleged, while the duty to indemnify is based upon the facts found by the trier of fact.").

Indeed, an insurance company's "duty to defend is separate and distinct from the insurer's obligation to pay claims under the policy." Drexel Chemical Co. v. Bituminous Ins. Co., 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996). In Drexel, the Court noted that where the duty to defend is at issue:

> If even one of the allegations is covered by the policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy. An insurer may not properly refuse to defend an action against its insured unless it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage.

Id. (quoting Glens Falls Ins. Co. v. Happy Day Laundry, Inc., 1989 WL 91082 (Tenn. Ct. App. August 14, 1989) (emphasis added). See also Insur. Prop. & Cas. Ins. Co. v. Ashe, 2003 WL 253255 (Tenn. Ct. App. Feb. 6, 2003).

An insurance company cannot refuse to defend "unless it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage." York v. Vulcan Materials Co., 63 S.W.3d 384 (Tenn. Ct. App. 2001) (quoting Drexel Chemical, 933 S.W.2d at 480 (Tenn. Ct. App. 1996).

> [I]f the allegations . . . are within the risk insured against and there is a potential basis for recovery, then [the insurer] must defend . . . regardless of the actual facts or the ultimate grounds on which . . . liability to the injured parties may be predicated . . . In any event, the pleading test for determination of the duty to defend is based exclusively on the facts as **alleged** rather than on the facts as they actually are."

State Auto Ins. Cos. V. Gordon Const., Inc., 2001 WL 513884, *3 (Tenn. Ct. App. 2001) (internal citation omitted) (emphasis in original).

Even if it is ultimately determined that Cracker Barrel is not entitled to indemnification under the Cincinnati Policies, discovery that, at a minimum, Cincinnati improperly failed to defend its policyholder as it had agreed. This conduct would, therefore, render Cincinnati liable for bad faith pursuant to T.C.A. § 56-7-105.

    C.    The Tort of Bad Faith IS Cognizable in Tennessee Between an Insurance Company and its Policyholder

In addition to a cause of action for bad faith under T.C.A. § 56-7-105, based on the above-described facts, Cracker Barrel asserts a common law claim for bad faith.

In its Motion, Cincinnati states that "[t]he tort of bad faith is not cognizable in Tenessee between an insurer and insured." Motion at 3. As support for this proposition, Cincinnati cites to a 2004 Court of Appeals of Tennessee decision which, in turn, relies upon a 1986 decision from the Court of Appeals of Tennessee. Id.; Chandler v. Prudential Ins. Co., 715 S.W. 2d 615 (Tenn. Ct. App. 1986); Fred Simmons Trucking, Inc. v. United States Fidelity and Guaranty Co, 2004 WL 2709262 (Tenn. Ct. App. 2004).

First, Tennessee has long recognized a bad faith tort when it is shown that an insurance company improperly failed to settle a case within policy limits. See State Auto. Ins. Co. of Columbus, Ohio v. Rowland, 221 Tenn. 421, 427, S.W.2d 30, 33 (Tenn. 1968). Additionally, based on a recent decision by the Supreme Court of Tennessee, the common law tort brought by Cracker Barrel may not be foreclosed.

In Johnson v. Tennessee Farmers Mut. Ins. Co., 205 S.W.3d 365 (Tenn. 2006), the Supreme Court of Tennessee permitted a cause of action for common law bad faith to proceed against an insurance company for improperly failing to settle a lawsuit within policy limits. Id. at 371-372. In reversing a grant of a directed verdict, the Court in Johnson explained that:

> Bad faith on the part of the insurer can be proved by facts that tend to show "a willingness on the part of the insurer to gamble with the insured's money in an attempt to save its own money or any intentional diregard of the financial interests of the plaintiff in the hope of escaping full liability imposed upon it by its policy."

Id. at 370 (quoting Goings v. Aetna Cas. & Sur. Co., 491 S.W.2d 847, 849 (Tenn. Ct. App. 1972) (emphasis added). As Johnson makes clear, circumstances exist where a common law bad faith claim is actionable in Tennessee. See also Southern Fire & Cas. Co. v. Norris, 35 Tenn. App. 657, 668, 250 S.W.2d 785, 790-91 (Tenn. Ct. App. 1952) (insurance company held liable in tort failure to settle within policy limits); Tennessee Farmers Mut. Ins. Co., 43 Tenn. App. 62, 306 S.W.2d 13 (Tenn. Ct. App. 1957) (same).

Moreover, T.C.A. § 56-7-105 does not contain any language which suggests that, through its enactment, the legislature intended to foreclose a separate bad faith tort. Yet the Supreme Court of Tennessee has not had the opportunity to

squarely address the specific issue before this Court: whether a policyholder may bring a common law bad faith claim in conjuction with a bad faith cause of action pursuant to a non-exclusive statutory remedy.

Based on Johnson and consistent with the law of numerous other jurisdictions, it is likely, therefore, that if given the opportunity to rule on this issue, the Supreme Court of Tennessee would permit Cracker Barrel's common law bad faith claim to proceed.[1]

---

[1] See, e.g., decisions from courts of other jurisdictions allowing a common law bad faith cause of action to proceed against a policyholder's insurance company, generally under the reasoning that such an action is permitted by the implied covenant of good faith and fair dealing and is predicated upon a policyholder's unequal bargaining position: Fed. Ins. Co. v. Traverlers Cas. & Sur. Co., et. al, 843 So. 2d 140 (Ala. 2002); Jackson v. American Equity Ins. Co., 90 P.3d 136, 142 (Alaska 2004); Zilisch v. State Farm Mut. Auto. Ins. Co., 196 Ariz. 234, 995 P.2d 276 (Ariz. 2000); Aetna Cas. & Sur. Co. v. Broadway Arms Corp., 281 Ark. 128, 664 S.W.2d 463 (Ark. 1984); Waller v. Truck Ins. Exch., 11 Cal. 4th 1, 35 (Cal. 1995); Farmers Group, Inc. v. Trimble, 658 P.2d 1370 (Colo. App. 1982), aff'd, 691 P.2d 1138 (Colo. 1984); Magnan v. Anaconda Indus., 193 Conn. 558 (Conn. 1984); Tackett v. State Farm Fire & Cas. Ins. Co., 653 A.2d 254 (Del. 1995); Best Place, Inc. v. Penn American Ins. Co., 82 Haw. 120, 920 P.2d 334 (Haw. 1996); White v. Unigard Mut. Ins. Co., 730 P.2d 1014, 1021 (Idaho 1986); Wedzeb Enters. V. Aetna Life & Cas. Co., 570 N.E.2d 60, 63 (Ind. Ct. App. 1991); Dolan v. Aid Ins. Co., 431 N.W.2d 790 (Iowa 1988); Spencer v. Aetna LU & Cas. Ins. Co., 227 Kan. 914, 611 P.2d 149, 158 (Kan. 1980); Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176 (Ky. 1989); The Hartford Cas. Ins. Co. v. The N.H. Ins. Co., 417 Mass. 115, 628 N.E.2d 14, 17 (Mass. 1994); Universal Life Ins. Co. v. Veasley, 610 So. 2d 290, 295 (Miss. 1992); Butters v. City of Independence, 513 S.W.2d 418 (Mo. 1974) (recognizing a common law cause of action for bad faith refusal to defend); Braesch v. Union Ins. Co., 237 Neb. 44 (Neb. 1991), overruled on other grounds by and through Wortman v. Unger, 254 Neb. 544 (Neb. 1998); Pemberton v. Farmers Ins. Exch., 109 Nev. 789, 792-93, 858 P.2d 380, 382 (Nev. 1993); Lawton v. Great Southwest Fire Ins. Co., 392 A.2d 576 (N.H. 1978); Pickett v. Lloyd's, 131 N.J. 457, 621 A.2d 445 (N.J. 1993); State Farm Gen. Ins. Co. v. Clifton, 527 P.2d 798 (N.M. 1974); Lovell v. Nationwide Mut. Ins. Co., 108 N.C. App. 416, 424 S.E.2d 181, aff'd in part, 334 N.C. 682 435 S.E.2d 71 (1993); Bender v. Time Ins. Co., 286 N.W.2d 489, 493 (N.D. 1979); Hart v. Republic Mut. Ins. Co., 152 Ohio St. 185, 87 N.E.2d 347 (Ohio 1949); Christian v. American Home Assur. Co., 577 P.2d 899 (Okla. 1977); Maine Bonding v. Centennial Ins. Co., 298 Or. 514, 693 P.2d 1296, 1298-1299 (Or. 1985); Bibeault v. Hanover Ins. Co., 417 A.2d 313, 319 (R.I. 1980); Nichols v. State Farm Mut. Auto. Ins. Co., 279 S.C. 336, 306 S.E.2d 616 (S.C. 1983); Stene v. State Farm Mut. Auto. Ins. Co, 583 N.W.2d 399, 1998 S.D. 95 (S.D.

## **CONCLUSION**

For the reasons set forth above, Plaintiff Cracker Barrel respectfully requests that this Court deny defendant Cincinnati Insurance Company's Motion to Dismiss Counts III and IV of the First Amended Complaint.

Dated: July 20, 2007

                            Respectfully submitted,

                            By: _____/s/ David A. Kochman_____
                                 William G. Passannante, Esq.
                                 David A. Kochman, Esq.
                                 Anderson Kill & Olick, P.C.
                                 1251 Avenue of the Americas
                                 New York, NY 10020-1000
                                 Telephone: (212) 278-1000
                                 Facsimile: (212) 278-1733

                                 John A. Day
                                 Day & Blair, PC
                                 5300 Maryland Way, Suite 300
                                 Brentwood, TN 37027
                                 Telephone: (615) 742-4880
                                 Facsimile: (615) 742-4881

                                 Co-Counsel for Plaintiff

---

1998); Aranda v. Ins. Co. of North America, 748 S.W.2d 210 212-13 (Tex. 1988); Beck v. Farmers Ins. Exch., 701 P.2d 795, 798 (Utah 1985); Bushey v. Allstate Ins. Co., 670 A.2d 807 (Vt. 1995); Coventry Assocs. V. American States Ins. Co., 961 P.2d 933, 937 (Wash. 1998); Elmore v. State Farm Mut. Ins. Co., 202 W. Va. 430, 504 S.E.2d 893 (W. Va. 1998); Anderson v. Cont'l Ins. Co., 85 Wis. 2d 675, 271 N.W.2d 368 (Wis. 1978); State Farm Mut. Auto. Ins. Co. v. Shrader, 882 P.2d 813, 825 (Wyo. 1994).

Notably, the court in the case cited by Cincinnati, Chandler v. Prudential Ins. Co., 715 S.W.2d 615 (Tenn. Ct. App. 1986), cites to two minority jurisdictions, Illinois and Georgia, to support its holding that no first-party common law bad faith cause of action exists in Tennessee.

Cracker Barrel Old Country Store, Inc.

:

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of July, 2007, I served a copy of the within Opposition to Cincinnati Insurance Company's Motion to Dismiss Counts III and IV of the First Amended Complaint on the attorneys for the Defendants, CINCINNATI INSURANCE COMPANY, and HOUSTON CASUALTY COMPANY by sending an electronic copy to defense counsels' e-mails of record.

<u>Houston Casualty Company</u>
Douglas Mangel
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 842-8837
(202) 842-8465 fax
douglas.mangel@dbr.com

Kendra E. Samson
150 Fourth Ave., North
Suite 2000
Nashville, TN 37219
(615) 244-1713

<u>Cincinnati Insurance Company</u>
Victor Peters
1000 Hart Road
Suite 300
Barrington, IL 60010
Phone 847.277.9988
Fax 847.277.7339
victorpeters@hpnlaw.com

H. Rowan Leathers
E. Todd Presnell
1200 One Nashville Place
150 4th Avenue North
Nashville, TN 37219
Telephone: 615-744-8447
rleathers@millermartin.com

tpresnell@millermartin.com

Dated: July 20, 2007

                            Respectfully submitted,

                            ___/s/ David A. Kochman_____
                                  David A. Kochman