IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRACKER BARREL OLD COUNTRY STORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:07-cv-00303 <br> Judge Nixon <br> Magistrate Judge Bryant <br><br> JURY DEMAND |

## ORDER

Pending before the Court are Plaintiff Cracker Barrel Old Country Stores, Inc.'s Motion for Leave to File Expert Report ("Motion for Leave") (Doc. No. 119), Defendant Cincinnati Insurance Company's Motion to Bar the Testimony of Plaintiff's Expert ("Motion to Bar") (Doc. No. 121), and Defendant's Motion to Extend the Date to Disclose its Expert Witness ("Motion to Extend") (Doc. No. 123). Defendant filed a Response in Opposition to Plaintiff's Motion for Leave (Doc. No. 120) and a Memorandum in Support of its Motion to Bar (Doc. No. 122). Plaintiff filed a Response in Opposition to Defendant's Motion to Bar. (Doc. No. 125.) For the reasons discussed herein, Plaintiff's Motion for Leave is **DENIED** and Defendant's Motion to Bar is **GRANTED**. Defendant's Motion to Extend is **TERMINATED as moot**.

I. BACKGROUND

Prior to this litigation, the Equal Employment Opportunity Commission (EEOC) filed suit against Plaintiff in the Northern District of Illinois, alleging unlawful and discriminatory employment practices.[1] (Doc. No. 1-1.) Plaintiff thereafter filed this action, seeking a declaration that, under an insurance policy issued by Defendant to Plaintiff, Defendant had a

---
[1] *EEOC v. Cracker Barrel Old Country Store, Inc.*, No. 04-CV-05273 (N.D. Ill. 2004).

1

duty to defend and indemnify Plaintiff against damages incurred as a result of the EEOC lawsuit. (Doc. No. 1.) Plaintiff filed a Motion for Partial Summary Judgment on March 24, 2009 (Doc. No. 94).

On August 18, 2009, Plaintiff moved for leave to file the expert report of Donald W. Bendure in support of its Motion for Partial Summary Judgment, in order to "aid the Court's understanding of the issues involved" by providing his expert opinion "on certain issues regarding the custom and practice of the insurance industry." (Doc. No. 119 at 1.) Defendant filed a Response in Opposition to the Motion for Leave on August 31, 2009, arguing that the Court should deny it because the expert report was not timely filed and contains inadmissible evidence that may not be considered on summary judgment. (Doc. No. 120.) Defendant's Response alternatively requests that, if the Court grants Plaintiff's Motion for Leave, the Court should give Defendant leave to file a response to the expert report. (*Id.* at 2.) On September 9, 2009, Defendant filed its Motion to Bar (Doc. No. 121) with a supporting Memorandum, arguing that Mr. Bendure's testimony would be based on his report and therefore inadmissible under the Federal Rules of Evidence (Doc. No. 122). On the same date, Defendant filed its Motion to Extend, requesting that Defendant be given additional time to disclose an expert witness if Mr. Bendure's testimony is not barred. (Doc. No. 123.) Plaintiff filed a Response in Opposition to Defendant's Motion to Bar on September 28, 2009 (Doc. No. 125), to which Defendant filed a Reply on October 18, 2010 (Doc. No. 171).

II. DISCUSSION

In its Response to Plaintiff's Motion for Leave, Defendant argues, *inter alia*, that Mr. Bendure's report is inadmissible expert testimony under the Federal Rules of Evidence. (Doc. No. 120 at 7-9.) Defendant's Memorandum in Support of its Motion to Bar similarly argues that

the expert report is inadmissible under the Federal Rules of Evidence, and, therefore any future testimony by Mr. Bendure is inadmissible. (Doc. No. 122.) Plaintiff did not file a reply brief to Defendant's Response, but did address the admissibility of Mr. Bendure's report under the Federal Rules of Evidence in its Response to Defendant's Motion to Bar (Doc. No. 125).

In its Motion to Bar, Defendant asserts that Mr. Bendure should be precluded from testifying under Federal Rule of Evidence 704 because his opinion testimony amounts to legal conclusions as to the ultimate issue of Defendant's obligation to defend Plaintiff against the EEOC lawsuit. (Doc. No. 120 at 8; Doc. No. 122 at 8.) Plaintiff argues that Mr. Bendure's report and testimony cannot be barred merely because it touches on the ultimate issues in the case, and instead should be admitted because it will assist the trier of fact in "wading through the confusion raised by" Defendant's arguments. (Doc. No. 125 at 5-7.)

Federal Rule of Evidence 702 allows expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 704(a) explains that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Sixth Circuit has explained that "[t]he effect of Rule 704 is merely to remove the proscription against opinions on 'ultimate issues' and to shift the focus to whether the testimony is 'otherwise admissible.'" *Torres v. Cnty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) (internal citations omitted). However, although an expert may testify as to an ultimate issue in case, his testimony must not reach legal conclusions. It is for the judge alone to instruct the jury on applicable principles of law, and, thus, an expert opinion on a question of law is inadmissible. *See Chavez v. Carranza*, 559 F.3d 486, 498 (6th Cir. 2009); *Shahid v. City of Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989). Therefore, when an expert opinion embraces

3

an ultimate issue, the issue embraced must be factual in nature, and not legal. *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). To allow otherwise could result in the expert articulating an erroneous legal standard to the jury and invading "the province of the court to determine the applicable law and to instruct the jury as to that law." *Torres*, 758 F.2d at 150 (internal quotations omitted).

The ultimate issues in this case is whether the insurance policy that Defendant issued imposed upon it a duty to defend Plaintiff against the EEOC lawsuit and to indemnify its losses. It is well established that "experts[] may not testify as to the legal effect of a contract." *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 301-02 (6th Cir. 1998) (quoting *CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir.1996)); *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."). In general,"[t]he issues relating to the scope of coverage and an insurer's duty to defend present questions of law." *Allstate Ins. Co. v. Jordan*, 16 S.W.3d 777, 779 (Tenn. Ct. App. 1999). Accordingly, while Mr. Bendure is certainly entitled under FRE 704 to embrace the ultimate issue of Defendant's obligations under the policy by articulating facts and opinions, he is not entitled to address that ultimate issue through conclusions of law.

Based on its review of Mr. Bendure's report, the Court finds that the opinions Mr. Bendure offers constitute conclusions of law. Mr. Bendure's report is replete with legal conclusions regarding the nature and enforceability of the insurance policy between the parties and the duty to defend provision. He also asserts his opinion as to the manner in which the provision should be interpreted. (*See* Doc. No. 119-1 at 3-5.) Specifically, Mr. Bendure's opinions A, B, C, and G contain his interpretations of the nature of the policy. He concludes in opinion A that "[d]espite the fact that [Plaintiff] had a large deductible in all policy years, the

4

policy remained a duty to defend policy, and not an excess policy that typically has no duty to defend" (*id.* at 3), and in opinion G that "[Defendant] owes an obligation for defense of the EEOC lawsuit" (*id.* at 5). Mr. Bendure also postulates in his opinions B and C as to the nature of the alleged side agreement between Plaintiff and Defendant (*id.* at 3-4).

Furthermore, in his opinions D, E, F, and H, Mr. Bendure interprets contractual provisions, including the temporal requirements for filing a claim, what constitutes a claim, and the definition of "wrongful acts" (Doc. No. 119-1 at 4-5), which the Court finds to be inadmissible attempts to interpret the contractual language of an insurance policy. *See N. Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1281 (6th Cir. 1997) (quoting *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 549 (6th Cir. 1981)) (holding that "[a]bsent any need to clarify or define terms of art, science, or trade, expert opinion testimony to interpret contract language is inadmissible"). Mr. Bendure also makes conclusions in his opinion lettered I as to the validity of a defense raised by Defendant under the language of the policy (Doc. No. 119-1 at 6), and, in his opinion lettered J, the applicability of the "four corners analysis" (*id.* at 7), both of which constitute impermissible assertions of legal conclusions.

Contrary to the purpose Plaintiff claims to be served by Mr. Bendure's testimony – to "provide his expert opinions on certain issues regarding the custom and practice of the insurance industry with regard to claims-made employment practices liability insurance policies" (Doc. No. 119 at 1) – Mr. Bendure's report concludes outright that Defendant "owes an obligation for defense of the EEOC lawsuit" under the duty to defend provision (*id.* at 5). In effect, his testimony seeks to answer precisely the question the Court will resolve in ruling on Plaintiff's Motion for Partial Summary Judgment.

5

Plaintiff cites a case from the Middle District of Florida for the proposition that "[c]ourts of other jurisdictions have allowed expert testimony relating to an insurance company's duty to defend." (Doc. No. 125 at 8.) In that case, the Court found that a "passing reference to a legal principle" is acceptable in seeking to contextualize an insurer's duty to defend obligations, where the "expert's testimony concerns ordinary practices and trade customs which are helpful to the fact-finder's evaluation of the parties' conduct against the standards of ordinary practice in the insurance industry." *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.*, No.02-CV-58-OC-10GRJ, 2004 WL 3770571, at *2 (M.D. Fla. Aug. 20, 2004). However, there is a distinction between a permissible "passing reference to a legal principle" in attempting to contextualize the duty in light of a thorough analysis of industry customs, and the pervasive conclusions of law found in Mr. Bendure's report, which are supplemented by only "passing references" to industry customs and practice.

Furthermore, the Sixth Circuit has upheld a district court's exclusion of expert testimony relating to an insurer's duty to insure a loss where the testimony did nothing more than state legal conclusions regarding the ultimate issue, including the nature and extent of coverage and the meaning of contractual terms. *Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004). Mr. Bendure's report suffers from the same defects as the report rejected by the Sixth Circuit in *Harrah's Entertainment*.

In light of the foregoing, the Court concludes that the each of the opinions expressed in Mr. Bendure's report reaches legal conclusions, and is therefore inadmissible under FRE 704. The report amounts to "inappropriate legal conclusions about . . . the proper means of interpreting the relevant insurance policy language, and strays . . . into an impermissible effort to usurp the Court's role in resolving pure legal questions." *The Way Int'l, Inc. v. Exec. Risk*

*Indem., Inc.*, No.07-CV-294, 2009 WL 3157403, at *3 (S.D. Ohio Sept. 28, 2009). Further, Federal Rule of Civil Procedure 26(a)(2)(B) restricts experts from testifying as to opinions not contained in his written report. Because each of Mr. Bendure's written opinions is inadmissible, he is precluded from testifying in this case and at trial under Rule 26(a)(2)(B). Finally, Federal Rule of Civil Procedure 56 mandates that for summary judgment purposes, a party may rely only on material that would otherwise be admissible, so the Court will not consider Mr. Bendure's report in ruling on Plaintiff's Motion for Partial Summary Judgment. Because Mr. Bendure's report will not be admitted, Defendant does not need an extension to disclose a countering expert witness, rendering moot its Motion to Extend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave is **DENIED** and Defendant's Motion to Bar is **GRANTED**. Defendant's Motion to Extend is **TERMINATED as moot.**

It is so ORDERED.

Entered this the 11th day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT